16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Eddie Joe LLOYD, Plaintiff-Appellant,
v.
J. CONVERSE, et al., Defendants-Appellees.
 No. 93-1889.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1994.
 
 1
 Before: GUY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Eddie Joe Lloyd, a Michigan state prisoner, appeals pro se the entry of summary judgment for the defendants by the district court in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lloyd sought monetary relief from the defendants, prison employees, in their individual capacities, alleging that they subjected him to excessive force in violation of the Eighth Amendment. The district court adopted the magistrate judge's recommendation to grant the defendants' motion for summary judgment, over Lloyd's objections. On appeal, Lloyd argues that the district court erred in assigning greater credibility to the evidence submitted by the defendants.
 
 
 4
 Upon review, it is concluded that there is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Even accepting Lloyd's version of the facts giving rise to this suit, we conclude that no constitutional violation occurred, but that defendants used minimal physical force in a good faith effort to maintain discipline, rather than in a malicious and sadistic effort to cause harm. See Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992). In reaching this conclusion we have considered the motivation for defendants' conduct (Lloyd's admitted creation of a disturbance during his shower period), the type of force used (that necessary to forcibly return him to his cell), and the minimal extent of injury inflicted. See Parrish v. Johnson, 800 F.2d 600, 604-06 (6th Cir.1986).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation